UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE WESTON GROUP, INC., a | ) | |
| Pennsylvania Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:12-CV-1964-G |
| | ) | |
| SOUTHWEST HOME HEALTH CARE, | ) | |
| LP, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction,

on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540,

542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter

jurisdiction in this case. Plaintiff's Original Complaint and Jury Demand ¶ 11

(docket entry 2). The plaintiff The Weston Group, Inc. is alleged to be a

Pennsylvania corporation with its principal place of business in Pennsylvania. *Id*. ¶ 1.

The defendant Southwest Home Health Care, LP is alleged to be a Texas limited

partnership. *Id*. ¶ 2. The defendant Southwest Home Health Care-Central Texas, LP

is alleged to be a Texas limited partnership. *Id*. ¶ 3. The defendant Southwest Home

Health Care of Dallas, LLC is alleged to be a Texas limited liability company. *Id*. ¶ 4.

The defendant Southwest Home Health Care of Harris, LLC is alleged to be a Texas

limited liability company. *Id*. ¶ 5. The defendant SWHHC Management, LLC is

alleged to be a Texas limited liability company. *Id*. ¶ 6. The defendant SWHHC

Management-Central Texas, LLC is alleged to be a Texas limited liability company.

*Id*. ¶ 7. The defendant NBM Healthcare Resource, Inc. is alleged to be a Texas for-

profit corporation with its principal place of business in Michigan. *Id*. ¶ 8. The

defendant Southwest Home Health Care of East Texas, LLC is alleged to be a

Delaware limited liability company. *Id*. ¶ 9. The defendant American Biocare, Inc. is

alleged to be a Nevada corporation with its principal place of business in Michigan.

*Id.* ¶ 10.

Diversity of citizenship jurisdiction requires that the citizenship of the plaintiff

must be different from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7

U.S. 267 (1806). Generally the citizenship of artificial entities other than

corporations is determined by the citizenship of their members. See *Carden v. Arkoma

Associates*, 494 U.S. 185 (1990). This rule applies to limited partnerships, see *Carden*,

494 U.S. at 195-96, and to limited liability companies. *Harvey v. Grey Wolf Drilling

Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

The court has no information about the citizenship of the members of the defendant limited partnerships and limited companies. Accordingly, it cannot tell whether the citizenship of the plaintiff is different from that of each defendant. To allow the court to examine the basis of its subject matter jurisdiction, the plaintiff shall file and serve, within ten days of this date, an amended complaint alleging the names and citizenship of (1) the partners -- general and limited -- of the defendant limited partnerships and (2) the members of the defendant limited liability companies.

Failure to timely file and serve such an amended complaint will result in dismissal of this case, without further notice, for lack of subject matter jurisdiction.

**SO ORDERED**.

June 26, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**